B. F. HOLLINGSHEAD, Appellee, v. WALTER WATKINS, Ap-
pellant.

**ASSAULT AND BATTERY:** Evidence—Jury Question. Evidence
1  reviewed, in an action for damages for assault and battery, and
   *held* that, under the different versions of the two parties to the
   fight, there was a question for the jury.

**ASSAULT AND BATTERY:** Civil Action—Evidence—Sufficiency.
2  In a civil assault and battery action, where the defendant, a
   younger man, was 6 feet tall, and weighed 217 pounds, and
   the plaintiff was a small man, weighing 145 pounds, the find-
   ing of the jury that the defendant was himself the aggressor
   has support in the evidence.

**TRIAL:** Verdict—Excessiveness—Assault and Battery. Where the
3  amount of actual damages in a civil action for assault and
   battery, as distinguished from exemplary damages, was dis-
   closed by the verdict for the plaintiff for $500, the Supreme
   Court, upon the record, was unable to say that the actual
   damages could not have exceeded $100.

**EVIDENCE:** Opinion Evidence—Estimates Not Binding on Jury.
4  In an action for damages for conversion of straw in a stack,
   the jury was not bound to give exactness to any estimate as to
   its value or of the quantity, and has the right to fix upon any
   value and approximate quantity within the range of the tes-
   timony.

**ASSAULT AND BATTERY:** Civil Action—Evidence—Sufficiency.
5  In an action for assault and battery upon plaintiff's wife,
   where the wife had rushed to the aid of her husband, when
   she saw him on the ground and the defendant inflicting punish-
   ment upon him, and the defendant struck her in the mouth,
   resulting in a severe injury, she had a cause of action for
   assault and battery, regardless of whether the blow caused
   other injuries, two months later.

**TRIAL:** Requested Instructions—Special Interrogatories—Ultimate
6  Facts. In an action for assault and battery upon a wife, where
   her injuries were alleged to include a miscarriage, such as would
   enhance the amount of the verdict, a requested special inter-
   rogatory as to whether the act of the defendant caused the
   miscarriage called for a fact ultimate and decisive as to a very
   substantial part of her recovery.

**APPEAL AND ERROR:** Questions of Fact, Verdicts, and Findings
7  —New Trial—Refusal of Special Interrogatories—Discretion of
   Court. Where, in passing upon the motion for a new trial,
   the trial court was satisfied that his refusal to submit a special

interrogatory was unfair to the defendant, although he would not have been bound to have given it, the Supreme Court should not interfere with the discretion thus exercised.

**TRIAL:** Requested Instructions—Special Interrogatories—No Necessity for Submission to Counsel. Where requests for special interrogatories are made to the court and refused in proper time to have submitted them to the adverse attorneys before the commencement of the argument, as provided by Sec. 3727, Code, 1897, there was no occasion to submit them to the adverse attorneys, and it was not essential that this should be done before the request therefor was submitted to the court.

*Appeal from Wright District Court.—H. E. FRY, Judge.*

JULY 1, 1919.

ACTION for damages. The petition was in three counts. Two of the counts claimed damages for assault and battery, and the third claimed damages for the conversion of straw. There was a verdict for the plaintiff upon all the counts. A motion for new trial was sustained as to the second count and overruled as to the others. Judgment was entered on the verdict as to the first and third counts. The defendant appeals. Later, the plaintiff also appealed from the order granting new trial as to the second count. The defendant is designated as the appellant.—*Affirmed.*

*McGrath & Archerd,* for appellant.

*Sylvester Flynn* and *Eugene Schaffter,* for appellee.

EVANS, J.—I. On the first count of his petition, the plaintiff recovered verdict for $500 damages for assault and battery. Upon the second count, he recovered verdict for $1,800 for damages for assault and battery upon his wife, the cause of action having been assigned by her to the plaintiff. Upon the third count, the plaintiff recovered verdict for $35. The general ground of reversal urged by the appellant as to the first count is that the verdict for $500 was excessive, and was the result of passion and prejudice. The

general line of argument is that the injury inflicted upon the plaintiff was comparatively slight, and that the actual damages sustained could not exceed the sum of $100, and that it was excessive to allow $400 as exemplary damages.

The salient facts in the case are that, at the time of the altercation between the parties, and for some years prior thereto, the plaintiff was and had been a tenant upon the farm of the defendant. His lease was about to expire, and he was about to remove from the premises. To that end, he held a public sale upon the premises, and in his sale notices, he listed for sale a stack of straw. The defendant appeared at the sale and notified those in attendance that the plaintiff had no right to sell such straw, the defendant then believing that his lease forbade the removal of the straw. This action of the defendant's was effective in stopping the sale of the straw. A few days later, the plaintiff sold to a neighbor a small load of the straw, at a price of $1.50. Learning of this fact, the defendant appeared at the plaintiff's home upon the premises, and opened the altercation with a protest against the conduct of the plaintiff in selling the load of straw, the plaintiff contending for his right so to do. According to the story of the plaintiff, the defendant knocked him down and held him upon the ground, while he beat him with his fist upon the face. The particular target of the defendant's blows was the plaintiff's eye. The plaintiff's face was bruised, and his eye was bloodshot and black for many weeks. The contention of the defendant in evidence was that he acted only in self-defense; that the plaintiff assaulted him by striking him upon the breast; that the defendant acted only in reasonable self-defense; and that the punishment inflicted by him upon the plaintiff while upon the ground was intended only to disable him

1: ASSAULT AND BATTERY: evidence: jury question.

from renewing his assault upon the defend-
ant. We need not dwell upon the differing
versions of the two parties to the fight.
That question was for the jury. When it
is considered that the defendant was the
younger man, and that he was 6 feet tall, and weighed 217
pounds, whereas the plaintiff was a small man, weighing
145 pounds, the finding of the jury that the defendant was
himself the aggressor may well be tolerated by the court, as
not lacking support in the evidence. The defendant's claim
that the plaintiff struck him on the breast is suggestive of
the traditional "slap upon the wrist," and is not indicative
of great menace to the defendant.

2. ASSAULT AND
BATTERY : civil
action : evi-
dence : suffi-
ciency.

We must, therefore, consider the case upon the theory
that the jury properly found the defendant as the aggres-
sor. The aggression had no' mitigation in the circumstanc-
es. If the defendant had been right in his contention con-
cerning the straw, his grievance would have been exceed-
ingly petty. But he was in the wrong in his contention.
The lease did not forbid the plaintiff from removing straw.
The defendant could have ascertained that fact by reference
to the lease more easily than he could pursue the course
which he did.

Whether the exemplary damages allowed, if any, were
out of proportion to the amount of the actual damages, the
record does not enable us to speak. The amount of actual
damages, as distinguished from exemplary
damages, is not disclosed by the verdict.
We cannot say, upon this record, that the
actual damages could not have exceeded
$100, as contended by appellant. Plaintiff was entitled to
actual damages for both physical and mental suffering. The
plaintiff carried the marks of the combat upon his counte-
nance for many weeks. This fact contributed to his humil-
iation and mental suffering. It cannot be said, we think,

3. TRIAL : ver-
dict : excess-
iveness : assault
and battery.

that the jury might not have allowed as actual damages a very substantial proportion of the amount of the verdict rendered. While it is urged that the verdict was the result of passion and prejudice, yet the record discloses no evidence of such passion and prejudice, except the size of the verdict. While the verdict is, perhaps, fully as large as it ought to be, we see no ground, upon the record, for saying, as a matter of law, that it is larger than it ought to be. . The defendant availed himself of the privilege of combat, regardless of cost. It has proven to be more expensive than he supposed. Peace terms are seldom acceptable to the party upon whom they fall. It is the clear policy of the law to make trial by combat odious and discouraging. We cannot, therefore, weigh the evidence or split argument too finely, for the purpose of reducing the verdict of the jury. The trial court overruled the defendant's motion as to this count.

II.   The jury allowed the plaintiff on the third count the sum of $35. The defendant insists that there was no evidence to sustain such verdict. Plaintiff sued on this count for 15 tons of straw at $5.00 a ton.

4. EVIDENCE: opinion evidence: estimates not binding on jury. As to the actual quantity of straw, the evidence of witnesses varied from 4 tons to 8, 12, and 15 tons. As to the value, the estimates varied at from $4.00 to $5.00 per ton, and $2.00 to $3.00 per load. Assuming that the jury found the quantity at 7 tons, and the price at $5.00, the theory of the plaintiff is that no witness testified to 7 tons in quantity. All the evidence on the subject was estimate and approximation. Some witnesses gave the dimensions of the stack, and even these estimates differed materially. The jury was not bound to give exactness to any estimate. Within the range of the testimony, it had a right to fix upon the approximate quantity, even though the amount thus fixed was less than all the larger estimates and more than

all the smaller ones. We think the trial court properly sustained the verdict as to this count.

III. The trial court granted a new trial as to the cause of action set forth in the second count. The verdict rendered was $1,800. This count was predicated upon alleged assault and battery upon the wife of the plaintiff. The plaintiff took the same by assignment from his wife. The evidence pertaining thereto was, in brief, that the wife rushed to the aid of her husband, when she saw him upon the ground and saw the defendant inflicting punishment upon him; that she took hold of the defendant, and implored him to save the life of her husband; that the defendant struck her in the mouth. It was further made to appear that the wife was two months advanced in pregnancy. Two months thereafter, she suffered a miscarriage, from which other evils flowed. Under the evidence on behalf of plaintiff, the wife had a cause of action for assault and battery, regardless of the question of miscarriage; but the tacking on of the claim of miscarriage as the result of the blow inflicted by the defendant introduced into the case some complicated questions. Manifestly, if the jury found such miscarriage to have resulted from the blow of the defendant, it would greatly enhance the amount of the verdict. Prior to the submission of the case, the defendant requested certain special interrogatories, whereby the jury should disclose whether it found that the miscarriage of the wife "was caused by any act of the defendant on February 21, 1915." These interrogatories were refused by the court. The subsequent granting of a new trial as to this count was put by the court upon the ground of its erroneous refusal of these special interrogatories. The trial court was then of the opinion that a fair trial to the defendant required that such interrogatories should have been submitted. Under the record as made, the court had

5. Assault and Battery : civil action : evidence : sufficiency.

6. Trial : requested instructions : special interrogatories : ultimate facts.

no way of knowing whether the jury found affirmatively or negatively on that question. The evidence on the question of miscarriage was such that the court might well have had grave doubts of its sufficiency to carry the question to the jury. If special findings had been made, the question could have been eliminated after verdict, by appropriate order.

It is urged by the plaintiff that the trial court was not required to give the interrogatories, because they called for nothing ultimate or decisive; and that, therefore, it should have adhered to its original ruling. We think the fact called for by the interrogatories was ultimate and decisive as to a very substantial part of the recovery. Even though it were true that the trial court was not bound to give them, yet he would have been warranted in doing so. If, therefore, in passing upon the motion for a new trial, the trial judge became satisfied that his refusal was unfair to the defendant, we ought not to interfere with the discretion thus exercised.

7. APPEAL AND ERROR: questions of fact, verdicts, and findings: new trial: refusal of special interrogatories: discretion of court.

It is also urged by the plaintiff that these interrogatories were properly refused because they had not been previously submitted to the attorneys for the plaintiff. The record does not disclose affirmatively that they had not been so submitted. The trial court marked each interrogatory as "requested in proper time and refused." If the interrogatories were requested in proper time, then there was left proper time to submit them to the adverse attorneys, as required by Section 3727 of the Code. It was not essential that the interrogatories should be submitted to the attorneys before the request therefor should be submitted to the court. The defendant had a right to submit the request first to the court.

8. TRIAL: requested instructions: special interrogatories: no necessity for submission to counsel.

The request being refused, there was no occasion for submission to the adverse attorneys.

We find no ground in the record for interfering with the action of the trial court, and its orders and judgment are affirmed on both appeals.—*Affirmed.*

LADD, C. J., PRESTON and SALINGER, JJ., concur.